# Fogerty *et al. versus* The Philadelphia Trust, Safe Deposit and Insurance Company.

1. Fogerty made a mortgage which was assigned to an insurance company ; he insured in the company, a condition in the policy being that he might receive his premium back three days after demand ;—he assigned the policy to the company as collateral, sold the insured property, and assigned the policy subject to the collateral assignment to the purchaser. The company assigned for the benefit of creditors, no demand having been made for the return of the premium. The terre-tenant demanded a return of the premium

[Fogerty *v.* Philadelphia Trust, &c., Co.]

from the company's assignee.  *Held*, that the premium could not be set off against the mortgage-debt in a scire facias on the mortgage.

2. There was no obligation to return the premium until after demand and therefore no debt until then.

3. The assignment of the policy as collateral did not make the mortgage an incident to the policy.

4. The assignment of the policy by Fogerty to the Insurance Company carried with it the option clause and this passed to the company's assignee as part of their assets.

5. The demand for the premium after the assignment created a debt to be paid ratably with other creditors.

January 14th 1874.    Before AGNEW, C. J., MERCUR and GORDON, JJ.    SHARSWOOD, J., at Nisi Prius.

Certificate from Nisi Prius : No. 347, to January Term 1872.

This was an amicable scire facias sur mortgage entered March 4th 1872, in which the Philadelphia Trust, Safe Deposit and Insurance Company, assignee for the benefit of creditors of the Enterprise Insurance Company, was plaintiff, and Michael C. Fogerty mortgagor, and Charles M. Lukens and Thomas M. Montgomery terre-tenants, were defendants.    A case was stated in the action, exhibiting the following facts :—

On the 30th of March 1867, Fogerty being the owner of a lot of ground in the 18th ward of Philadelphia, executed a mortgage of it to Jacob Hays Carson to secure the payment of $1500 in three years from the date of the mortgage with interest.    This mortgage was on the 7th of August 1867 assigned to the Enterprise Insurance Company.    Having erected a brick building on the lot, Fogerty procured from the Insurance Company an insurance against loss by fire to the amount of $1200, for which he paid to the Insurance Company a premium or deposit of $24.    One of the conditions of the policy was, that any person assured being the owner of the building insured and also the holder of the policy might at any time reclaim the deposit-money, which should be paid within three days after demand, subject to a deduction of five per cent.    On the 9th of August 1867, Fogerty assigned his policy to the Insurance Company as collateral security for the mortgage-debt.    On the 6th of March 1869, Fogerty sold his property, subject to the mortgage, to Frederick Steube, and assigned the policy to Steube as owner, subject to the assignment to the Insurance Company as collateral ; both assignments of the policy were duly approved by the company.    On the 19th of March 1869 Steube made another insurance with the same company on the same building for $1000, and paid a premium or deposit of $20.    This policy contained the same conditions as that to Fogerty before mentioned.  Steube afterwards sold the property to Lukens and Montgomery, subject to the mortgage, and on the 26th and 30th of March respectively made assignments of the policies to them ; the assignment of the first policy being made subject to the assignment as collat-

[Fogerty *v.* Philadelphia Trust, &c., Co.]

eral to the Insurance Company. These last assignments were duly approved by the Insurance Company. On the 31st of October 1871, the Insurance Company made an assignment of all its property to the plaintiff for the benefit of creditors. The policy to Fogerty had been held by the Insurance Company up to their assignment for the benefit of creditors, and the policy to Steube had been held by Lukens and Montgomery from the time of their purchase. No demand was made of the Insurance Company for the deposit-money on their policies before their assignment, but a demand had since been made of the plaintiff. Lukens and Montgomery claimed that the deposit-money less five per cent. on each policy should be set off against the mortgage-debt.

It was agreed, that if the amount of both deposit premiums could be set off, judgment should be entered for the plaintiffs for $1458.20 with interest, &c., if only for the deposit on the Fogerty policy, judgment to be entered for plaintiffs for $1477.20 with interest, &c., but if neither deposit could be set off, judgment to be entered for the plaintiffs for $1500 with interest, &c.

AGNEW, J., delivered the following opinion at Nisi Prius :—

" When the mortgage-debt in question passed into the hands of the Trust Company by the general assignment for creditors on the 31st October 1871, the Enterprise Insurance Company were not debtors to either Fogerty or his assigns, on the two policies. No loss having occurred, the Insurance Company was held only on a contingent liability for a loss if any should occur. The sixth condition of the policy conferred an option upon the assured to rescind the policy and have it cancelled and the premium returned upon the terms stated. But until this option were exercised no debt or obligation to return the premium could arise. The mortgage-debt was one wholly independent of the policy coming to the Insurance Company by assignment from J. Hays Carson after the policy had been taken by Fogerty. The fact that Fogerty had assigned the policy to the Insurance Company as a collateral security for the payment of the mortgage, clearly did not make the mortgage an incident to or dependent upon the policy.

"But the policy by the assignment was pledged for the payment of the mortgage, and therefore carried to the Insurance Company as assignee of Fogerty all the interest he had in the policy (including therefore the option clause), and this by the general assignment passed to the Trust Company as part of the assets of the Insurance Company. It is difficult to see, therefore, how it is possible that any interest passed by Fogerty's assignment to Steube and Steube's to Lukens and Montgomery (subject by its terms to the assignment to the Insurance Company), which will entitle them to claim against the general assignee. The option was not exercised by any one before the general assignment. There being no loss

25 P. F. SMITH—9

[Fogerty *v.* Philadelphia Trust, &c., Co.]

at that date there was no claim against the Insurance Company to be set off against the mortgage-debt, while occurring afterwards it could only share ratably with the claims of other creditors. So the option exercised afterwards would create a debt for the premium to come in ratably in the same manner. In no view I can take of the case can I perceive any claim for the premium upon the exercise of the option to cancel the policy since the general assignment which can result in a set-off—but the assignee of Fogerty of the policy subject to the prior assignment to the Insurance Company must come in upon the distribution of the assigned estate along with other creditors.

"The case of the policy taken out by Steube and assigned by him to Lukens and Montgomery stands on the single and plain ground that no option to cancel the policy having been exercised until after the assignment, no debt against the Insurance Company for a return of the premium had arisen, and now that it has arisen since the assignment, it stands as any other debt against the assigned estate and can have only its *pro rata* in the distribution by the assignees.

"For these reasons judgment will be entered for the plaintiffs for the whole mortgage-debt of $1500, with interest from the 30th of September 1871, according to the terms of the stated case."

The defendants certified the case to the court in banc, and assigned the entering of judgment for error.

*J. M. Pile*, for plaintiffs in error.

*Porter* (with whom was *H. J. McCarthy*), for defendants in error.

Judgment was entered in the court in banc January 19th 1874.

PER CURIAM.—This judgment is affirmed on the opinion of the judge at Nisi Prius.